United States Courts
Southern District of Texas
FILED
*May 27, 2025*
Nathan Ochsner, Clerk of Court

# 4:25cv2471

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL

INDEX OF AUTHORITIES

STATEMENT OF THE CASE

STATEMENT OF JURISDICTION

ISSUES PRESENTED
Issue 1: BREACH OF CONTRACT

Issue 2: UCC ARTICLE 3 VIOLATIONS

STATEMENT OF FACTS

SUMMARY OF THE ARGUMENT

ARGUMENT AND AUTHORITIES

PRAYER FOR RELIEF

APPENDIX

## IDENTITIES OF PARTY AND COUNSEL

The Following constitutes a list of all parties to the courts final judgment and the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Petitioner(s) | RYNEASHA MARIE ARASHAY REED & JOHNATHAN ARTHURTON<br>3708 E 29th St #1020 BRYAN, TX 77802 |
| Petitioner's trial counsel<br>(If applicable) | PRO SE |
| Petitioners appellate counsel<br>(if applicable) | PRO SE |
| Respondent | KIA FINANCE AMERICA<br>PO BOX 20825, FOUNTAIN VALLEY, CA 92728<br><br>TRUEACCORD<br>16011 College Blvd, Suite 130,<br>Lenexa, KS 66219<br><br>RELIANT CAPITAL SOLUTIONS<br>670 Cross Pointe Rd, Columbus, OH 43230<br><br>CREDIT NINJA LLC<br>27 N Wacker Dr #404, Chicago, IL 60606<br><br>RECEIVABLES MANAGEMENT PARTNERS LLC<br>1809 N Broadway, Greensburg, IN 47240 US<br><br>MIDLAND CREDIT MANAGEMENT LLC<br>350 Camino de la Reina, Suite 100<br>San Diego, CA 92108 |
| Respondents trial counsel<br>(if applicable) | NOT APPLICABLE |

| | |
|---|---|
| Respondents Appellate counsel (if applicable) | NOT APPLICABLE |

### INDEX OF AUTHORITIES

**Cases**

Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73 (2d Cir. 2002)

Kramer v. Aetna Life Ins. Co., 342 F.3d 787 (8th Cir. 2003)

Kunkel v. Continental Casualty Co., 866 F.2d 1155 (9th Cir. 1989)

Seitz v. County of Franklin, 241 F. Supp. 2d 798 (S.D. Ohio 2002)

Davis v. United States, 499 U.S. 801 (1991)

CitiFinancial Servs., Inc. v. Haughton, 137 S.W.3d 476 (Tex. App. 2004)

**Statutes and other authorities**

UCC 3-201: Negotiation

UCC 3-301: Person Entitled to Enforce

UCC 3-502: Presentment of Instrument

Plaintiffs Official Fee Schedule, Instrument Number : 1498453 Doc#2023-1498453

UCC 3-104; Negotiable Instrument

HJR-192 (June 5, 1933), Public Law 73-10, UCC 3-419, 1-104 and 10-104.

U.S. Constitution – Art. I § X

Article I, §§ 8 & 10 of the federal Constitution

### STATEMENT OF THE CASE

**Nature of the case:**   This is a suit for UCC Article 3 violations & Breach Of Contract.

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims that are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

## ISSUE PRESENTED

Issue 1: BREACH OF CONTRACT
The defendant did not act on their fiduciary duties via mail and email to provide Plaintiff appropriate remedy.

Issue 2: UCC ARTICLE 3 VIOLATIONS
The Defendant's refusal to honor or properly process the Plaintiff's negotiable instrument, which was specially structured under UCC Article 3, constitutes a violation of the Plaintiff's rights under the Uniform Commercial Code, including dishonor of the instrument, failure to comply with endorsement requirements, and breach of contract terms.

## STATEMENT OF FACTS

Plaintiff sent KIA FINANCE AMERICA and MIDLAND CREDIT MANAGEMENT a restrictive endorsement on their payoff sheet.

The payoff sheet was structured as a UCC ARTICLE 3 NEGOTIABLE INSTRUMENT, tailored with the plaintiffs fee schedule.

Plaintiff in Good Faith also sent such an instrument via their corresponding email, even through their portals to give notice.

Defendants were unresponsive and in dishonor on May 11th 2025 and May 18th 2025.

The other 4 defendants; Credit Ninja, Receivables management partners llc, Reliant capital solutions and True Accord have been served with fiduciary instructions via email rather than mail.

TrueAccord was sent a tacit acceptance notice on april 21st, 2025, Defaulted on May 1st 2025

Credit Ninja was sent a tacit acceptance notice on april 22nd 2025, Defaulted on May 4th 2025

Reliant Capital Solutions was sent a negotiable instrument via email on april 28th 2025, Defaulted on May 4th 2025

Receivables Management Partners was sent a negotiable instrument via email on May 1st, 2025, Defaulted on May 5th (gave them a 5 day notice).

Plaintiff believes she has exhausted all administrative remedies to settle Plaintiffs accounts, Plaintiff requests Judicial enforcement.

*When a note is payable on demand, presentment must be made within a reasonable time after its issue. N. I. L., sec. 7 1. Failure to give an indorser of a negotiable instrument notice of its dishonor at maturity ( or immediately after presentment within a reasonable time after its issue in the case of a demand note) discharges him from all liability on the paper (N. I. L., sec. 89) unless he has expressly or impliedly waived that requirement (N. I. L., sec. 109), presentment (N. I. L., sec. 82), and/or protest (N. I. L., sec. 111). Waiver is a fact which may be implied from any conduct or words of the indorser that might reasonably lead one to believe that such a waiver was intended, and the question is one for the jury.*
*BILLS AND NOTES - WAIVER OF PRESENTMENT AND NOTICE OF DISHONOR, 30 MICH. L. REV. 967 (1932).*

*Plaintiff relies upon and is aware and knows that the "giving a (Federal Reserve) note does not constitute payment." See Echart v Commissioners C.C.A., 42 Fd2d 158.*

*Plaintiff is aware and knows that legal tender (Federal Reserve) Notes are not good and lawful money of the United States. See Rains v State, 226 S.W. 189.*

*That the federal government and the several united States have, and continue to, breach the express mandates of Article I, §§ 8 & 10 of the federal Constitution regarding the minting and circulation of lawful coin;*
*• That the lawful coin (i.e. organic medium of exchange) and the former ability to PAY debts – has been replaced with fiat, paper currency, with the limited capacity to only DISCHARGE*

*debts;*
*• That the Congress of the United States did legislate and provide the American people a remedy/means to discharge all debts "dollar for dollar" via HJR 192 – due to the declared Bankruptcy of the Corporate United States via the abolishment of constitutional coin and currency;*
*• That the corporate United States, the several states of the Union, intergovernmental organizations, and other nations of the world recognize this current, circulating medium of exchange as commercial paper/instruments, negotiable or non-negotiable, the same being accepted as legal tender or money, etc., as set forth in the Uniform Commercial Code;*
*• That the Plaintiff's acceptance of any monetary/debt presentment and/or demand for payment as presented by any person, natural or corporate, can be returned for discharge, the same constituting the negotiable instrument so bearing the exemption of the Plaintiff upon any said monetary/debt presentment and/or demand for payment as a non-cash accrual item is but another form of legal tender, money, currency emanating from the Creditor.*

Remedy of **$1,250,000.00 from each defendant if defendants cannot perform initial remedy.**

## Summary of the Argument

Plaintiff seeks judicial enforcement against six Defendants for their collective failure to perform, dishonor of commercial instruments, and breach of fiduciary obligations, all arising from the presentment of lawful UCC Article 3 negotiable instruments and fiduciary instructions.

Plaintiff, acting in good faith, tendered restrictive endorsements and commercial instruments to Kia American Finance and Midland Credit Management, utilizing their payoff sheets as the basis for settlement under Plaintiff's recorded fee schedule. These instruments were delivered via each Defendant's designated portal and/or official email address, with clear notice and a rebuttal period provided. Both Defendants defaulted by failing to respond, cure, or reject said instruments, constituting dishonor under UCC Article 3 and breach of trust.

In parallel, fiduciary instructions and commercial notices were served upon Credit Ninja, Receivables Management Partners LLC, Reliant Capital Solutions, and TrueAccord through monitored email channels. Each Defendant was given a specific rebuttal deadline, which they failed to meet. Their silence and continued inaction constitute tacit acquiescence, contractual default, and commercial dishonor.

Plaintiff asserts that all administrative remedies have been exhausted and that no Defendant has engaged in good faith settlement efforts, responded to notices, or rebutted the terms of the Plaintiff's fee schedule. Accordingly, judicial intervention is now necessary to enforce Plaintiff's rights, secure damages as outlined by unrebutted terms, and uphold the integrity of commercial presentment under federal and UCC law.

## ARGUMENT

Plaintiff has lawfully and in good faith executed a structured administrative process grounded in commercial contract principles and the Uniform Commercial Code (UCC), specifically Article 3 governing negotiable instruments. Plaintiff's presentments to all six Defendants were structured as restrictive endorsements or fiduciary instructions, accompanied by Plaintiff's fee schedule and a clear opportunity to rebut or perform within a defined period. All Defendants failed to respond, reject, or rebut the instruments presented, resulting in dishonor, breach, and commercial liability.

### I. The Instruments Tendered by Plaintiff Constituted Lawful Presentments Under UCC Article 3

Plaintiff utilized payoff sheets and account obligations as the basis for negotiable instruments and conditional tenders under UCC § 3-104 and § 3-501. These instruments were either restrictive endorsements or fiduciary notices designed to discharge or settle alleged debts. Each was properly delivered through accepted communication channels, including official email addresses and company portals, triggering a duty to respond or reject under UCC § 3-505.

By failing to respond, the Defendants dishonored the instruments as defined under UCC § 3-502. Dishonor by silence constitutes an actionable breach and provides legal standing for enforcement, particularly where Plaintiff's fee schedule, fiduciary language, and rebuttal periods were made explicit.

### II. Defendants' Silence Constitutes Tacit Acquiescence and Contractual Acceptance

The silence of each Defendant beyond the rebuttal period constitutes tacit acceptance and estoppel by acquiescence, forming an enforceable obligation. A fiduciary relationship is created where a party (Defendant) acts upon the private financial information or offers of another (Plaintiff) without timely objection or rebuttal.

Under general principles of commercial law and maxims of equity, failure to respond to a fiduciary instruction or presentment creates both a contractual and fiduciary breach. Defendants were obligated to act in good faith, to either honor, reject, or rebut the Plaintiff's terms, but failed to do so.

### III. Plaintiff Has Exhausted All Administrative Remedies and Seeks Judicial Enforcement

Plaintiff has provided each Defendant with adequate notice, ample time to cure or rebut, and full opportunity to settle administratively. No Defendant has responded. Consequently, Plaintiff is left with no remedy except to seek judicial enforcement under the doctrine of exhausted remedies.

Because all six Defendants have failed to act in good faith and have defaulted on commercial presentment or fiduciary responsibilities, Plaintiff now seeks enforcement of these unrebutted contracts and instruments. Federal jurisdiction is proper under 28 U.S.C. § 1332 due to the amount in controversy and the interstate nature of the Defendants. Venue is proper as the breaches and defaults impacted Plaintiff within this judicial district.

Plaintiff asserts the following damages to each defendant based on the recorded fee schedule:

*1 For every unlawful solicited / unsolicited interference and trespass in my private matters, the unauthorized use of my copyrighted/trademarked name and/or commercial affairs including consumer reporting agencies, lending institutions, credit bureaus... I.e the following administrative fees apply: $500,000.00*

*2 For each individual failure to provide per individual requested evidence, items, documents, proof of certified public oaths, or other lawfully required and requested items/documents for the inspection of the Undersigned, the fee of : $50,000.00*

*3 For every Denial and/or Abuse of Due Process: $200,000.00*

*4 For each Violation, Breach of Trust, Breach of Contract, Breach of Fiduciary Duty, Breach of the Peace, Perjury of Oath(s) of Office of Trustee, False Swearing and acting without Authority / Jurisdiction by Trustees / Agents:$500,000.00*

> The total of all the violations from all the defendants based off the plaintiffs fee schedule mounts up to : **$7,500,000.00.**
> **1,250,000.00 from each defendant**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, jointly and severally, and grant the following relief:

1. Monetary Damages in an amount not less than $7,500,000.00, representing unrebutted contractual obligations, liquidated damages as per Plaintiff's fee schedule, and commercial dishonor under UCC Article 3 for each violation committed by Defendants.

2. Compensatory Damages for harm suffered as a result of Defendants' failure to perform, breach of fiduciary duty, and refusal to provide requested verification documents, in an amount to be determined at trial.

3. Default Judgment, where applicable, against any Defendant who fails to appear or respond within the prescribed period under Rule 55 of the Federal Rules of Civil Procedure.

4. Judicial recognition that all six Defendants dishonored commercial instruments lawfully tendered under UCC Article 3 and failed to rebut fiduciary instructions within the notice period.

5. Court costs, fees, and any other related expenses incurred in bringing this action, including the cost of certified mailings, administrative presentments, and enforcement procedures.

6. Any further relief this Court deems just, equitable, and proper, including but not limited to declaratory relief affirming Plaintiff's right to enforce unrebutted commercial obligations.

Ryneasha-Marie-Arashay; Reed
Johnathan-Steven: Arthurton
Pro Se.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Civil Procedures, I hereby certify that this Petition for Review contains 2330 words 11 pages. This is a computer-generated document created in Microsoft Word, using Times New Roman for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

## CERTIFICATE OF CONFERENCE

I, Ryneasha Reed, Plaintiff pro se, certify that I am open and willing to confer with Defendants' counsel for the
purpose of negotiating a possible settlement or resolution of this matter in good faith. Plaintiff invites Defendants'
attorneys to initiate communication regarding settlement solely via the following email address: ryneasha911@gmail.com
Plaintiff is not represented by counsel and is proceeding in forma pro se, and therefore respectfully requests that all
such communication remain on record via written format.
Respectfully submitted,