IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
*May 27, 2025*
Nathan Ochsner, Clerk of Court

RYNEASHA REED §
JOHNATHAN ARTHURTON §
Plaintiffs §
 §
v. §
 §
 §  Case No. N/A
 §
KIA FINANCE AMERICA , TRUEACCORD, §
RELIANT CAPITAL SOLUTIONS, §
CREDIT NINJA LLC, §
RECEIVABLES MANAGEMENT §
PARTNERS LLC,MIDLAND CREDIT §
MANAGEMENT LLC §
Defendants §

**4:25cv2471**

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, Ryneasha Reed and Johnathan Arthurton, respectfully move this Court for the issuance of an Emergency Temporary Restraining Order (TRO) pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiffs seek immediate relief to prevent irreparable harm resulting from Defendants' actions, including the threat of repossession of the only vehicle owned by the household—a Kia Forte—which is essential for both Plaintiffs' economic survival, legal compliance, and ability to maintain household stability.

## FACTUAL BASIS FOR EMERGENCY RELIEF

Plaintiff Ryneasha Reed lawfully issued fiduciary instructions and a commercial instrument to Kia Finance America, which has defaulted by failing to respond, rebut, or honor the instrument. As a result, the vehicle in question remains at risk of wrongful repossession despite ongoing efforts by Plaintiff to resolve the matter in good faith.

Plaintiff Reed works two jobs, both of which are located approximately 28 miles from the household, the same distance as Plaintiff Arthurton's place of work. She relies entirely on the Kia Forte as her sole mode of transportation. Without access to this vehicle, Plaintiff Reed will be unable to sustain employment, which directly jeopardizes the financial integrity of the household.

In addition to her own financial obligations, Plaintiff Reed pays for the court-mandated costs associated with maintaining Plaintiff Arthurton's bond conditions, including $200 per month for bond supervision, $300 for GPS monitoring, $60 in parole officer fees, and $16 for monthly drug testing. These ongoing expenses are vital to keeping Plaintiff Arthurton out of confinement.

Plaintiff Reed's in forma pauperis declaration reflects that the majority—if not all—of her income is devoted to household expenses and legal obligations. Her financial condition is such that her bank accounts frequently enter negative balances to keep the household stable and in legal compliance.

This vehicle is the only one owned by Plaintiffs' household. Its repossession would not only disrupt access to employment for both Plaintiffs, but would place Plaintiff Arthurton at immediate risk of re-incarceration due to non-payment of bond-related obligations. Plaintiffs have no nearby relatives or transportation alternatives.

## LEGAL STANDARD

To obtain a Temporary Restraining Order under Rule 65(b), a movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm the injunction might cause the opponent; and (4) that the injunction will not disserve the public interest.

## ARGUMENT

Plaintiffs have satisfied all requirements for emergency relief. They have shown a high probability of success on the merits by documenting Defendant's commercial dishonor and breach of fiduciary duty through unrebutted

notices. Plaintiffs also face imminent and irreparable harm: the repossession of the only household vehicle would result in complete loss of access to both of Plaintiffs' workplaces, as well as noncompliance with active bond conditions.

The balance of harms overwhelmingly favors Plaintiffs. The TRO simply preserves the status quo, while failure to grant it would have devastating consequences—including job loss, financial ruin, and possible incarceration. Public interest supports granting the TRO, as it promotes fairness, legal compliance, economic survival, and judicial review of disputed commercial obligations.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

1. Issue a Temporary Restraining Order enjoining Defendants, their agents, and assigns from repossessing, disabling, or interfering with Plaintiffs' use and possession of the 2020 Kia Forte VIN#3KPF24AD2LE229739.
2. Prohibit any adverse credit reporting or enforcement actions against Plaintiffs while this matter is pending.
3. Schedule a preliminary injunction hearing at the earliest available date.
4. Grant any additional relief the Court deems just and proper.

Respectfully submitted,

Ryneasha Reed

Johnathan Arthurton

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYNEASHA REED<br>JOHNATHAN ARTHURTON<br>Plaintiffs<br><br>v.<br><br>KIA FINANCE AMERICA , TRUEACCORD,<br>RELIANT CAPITAL SOLUTIONS,<br>CREDIT NINJA LLC,<br>RECEIVABLES MANAGEMENT<br>PARTNERS LLC,MIDLAND CREDIT<br>MANAGEMENT LLC<br>Defendants | §§§§§§§§§§§§§§§ | Case No. N/A |

## ORDER GRANTING EMERGENCY TEMPORARY RESTRAINING ORDER

ON THIS DAY came to be heard the Motion for EMERGENCY TEMPORARY RESTRAINING ORDER filed by Movant Ryneasha Reed and Johnathan Arthurton. After due consideration of the law and the filings of parties,

the Court finds said motion meritorious. It is therefore ORDERED that Defendant KIA FINANCE AMERICA, including their agents, employees, and all persons acting in concert or participation with them, are hereby temporarily restrained from taking any of the following actions pending further order of this Court:

1. Repossessing, disabling, seizing, or otherwise interfering with Plaintiffs' use and possession of the 2020 Kia Forte Vehicle Identification Number: 3KPF24AD2LE229739

2. Making or continuing any adverse credit reporting or enforcement action related to the subject matter of this litigation.

3. Taking any retaliatory action or engaging in conduct intended to coerce or pressure Plaintiffs in connection with the vehicle or related contractual obligations.

This Order shall remain in effect until _____, unless otherwise extended by the Court or converted to a Preliminary Injunction upon hearing.

SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE