## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **RYNEASHA REED & JOHNATHAN ARTHURTON** | |
| **Plaintiffs,** | |
| **vs.** | **Case No. 4:25-cv-02471** |
| **KIA FINANCE AMERICA, TRUE ACCORD, RELIANT CAPITAL SOLUTIONS, CREDIT NINJA LLC, RECEIVABLES MANAGEMENT PARTNERS LLC, AND MIDLAND CREDIT MANAGEMENT,** | |
| **Defendants.** | |

### DEFENDANT LMIDLAND CREDIT MANAGEMENT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Midland Credit Management, Inc. (misnamed as Midland Credit Management, LLC) moves the Court to dismiss Plaintiff's Complaint with prejudice pursuant to FED. R. CIV. P. 12(b)(6), and in support of such motion would respectfully show the following:

### INTRODUCTION

Plaintiffs, acting *pro se*, filed a rambling shotgun pleading invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. The Complaints has elements of Sovereign Citizen allegations.

Plaintiffs allege that they sent to Midland "a restrictive endorsement on their payoff sheet." They further allege: "The payoff sheet was structured as a

UCC ARTICLE 3 NEGOTIABLE INSTRUMENT, tailored with the plaintiffs (sic) fee schedule." They also state: "Defendants were unresponsive and in dishonor on May 11th 2025 and May 18th 2025." These vague and general allegations do not identify any obligation on the part of Midland to pay money to Plaintiffs. They appear to be in the nature of Sovereign Citizen allegations whereby a plaintiff tries to create a note and obligation through an alleged acceptance by silence.

Plaintiffs claim that federal reserve notes are not legal tender and that the U.S. monetary system is a hoax. Such allegations have repeatedly been rejected by the courts as nonsense. They allege no facts that would give rise to liability on the part of Midland.

### LEGAL STANDARD UNDER RULE 12(b)(6)

FED. R. CIV. P. 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted . "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits the Court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.*

In assessing the sufficiency of a plaintiff's claim, a district court must accept all well-pleaded factual allegations as true. *Bakutis v. Dean*, 129 F.4th 299, 313 (5th Cir. 2025) . However, allegations that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action". *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555.

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 558). In this case, the Complaint does not allege *any* facts that would give rise to liability on the part of Midland.

## I.   ARGUMENT

Even if the Court assumes that all well-pleaded facts are true, Plaintiffs simply fail to state a claim.

First, Plaintiffs plead no facts sufficient to establish a contract with Midland that would support their claims.  In fact, Plaintiffs fail to plead the basic elements of contract formation. A plaintiff who sues for breach of contract in Texas must sufficiently allege facts to support: (1) a valid contract existed between himself and the defendant; (2) he tendered performance or was excused

from doing so; (3) the defendant breached the terms of the contract; and (4) he sustained damages as a result of the defendant's breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n. 21 (Tex. 2018). Plaintiffs' Complaint fails to allege facts that would satisfy these elements.

Plaintiffs' claims regarding currency are simply a meritless effort to invoke what is sometimes called the "vapor money" theory. Contrary to the assertions in Plaintiffs' complaint, "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103.

A "bill of exchange" or an "endorsed bill" created by a private citizen cannot be used as legal tender. *Chavis v. T-Mobile US, Inc.*, No. 23-CV-1513, 2024 U.S. Dist. LEXIS 6565, at *4 and n.2 (W.D. Tex. Jan. 11, 2024). To the extent that Plaintiffs assert that they satisfied their debts through some sort of instrument that they created, the assertion is nonsense. Since an "endorsed bill" or "bill of exchange" is not legal tender, Plaintiffs could not have satisfied their debts by submitting their made up instruments as  payment. *Id.*. Similarly, silence in response to Plaintiffs' made up nonsense is not acceptance of, or acquiescence to a contract. *Bey v. Bray*, No. 4:22-CV-933, 2023 U.S. Dist. LEXIS 166770, at n.4 (E.D. Tex. Aug. 1, 2023); Report and Recommendation adopted, 2023 U.S. Dist. LEXIS 168596  (Sept. 21, 2023); *Charles v. Castro*, No. 5:20-CV-00042, 2020 U.S. Dist. LEXIS 175314 (E.D. Tex. Sept. 24, 2020).

Plaintiffs' Complaint suggests that hey subscribe to the nonsensical vapor money theory. The 'vapor money" theory based on the premise that

-4-

because the United States went off the gold standard in 1933, the country has

been bankrupt and lenders have been creating unenforceable debts because

they are lending credit rather than legal tender. *Green v. Pryce*, Case No. 15-

3527, 2015 U.S. Dist. LEXIS, at *2 (E.D.N.Y. July 1, 2015).

> The genesis of the vapor money theory is that the decision by the
> United States in 1933 to discard the gold standard resulted in the
> federal government's bankruptcy, after which lenders have been
> creating unenforceable debts because they are lending credit rather
> than legal tender. Accordingly, under the vapor money theory, a loan
> imposes no repayment obligation if the indebtedness was funded
> with credit as opposed to hard currency. The essence of the vapor
> money theory is that the promissory notes (and similar instruments)
> are the equivalent of money that citizens literally create with their
> signatures.

*Mercado v. Transport Funding, LLC*, No. 2:23-cv-02052-HLT, 2025 U.S. Dist.

LEXIS 19559, at *3 (D. Kan. Feb. 4, 2025) (quoting *Thomas v. All In Credit

Union*, 2023 U.S. Dist. LEXIS 21812, at *8 (S.D. Ala. 2023)). Adherents to the

theory believe that they "somehow ha[ve] the ability to essentially convert a

payment demand into legal tender and magically extinguish [their] debts" *Id.* at

*8.

Under the vapor money theory, "a loan imposes no repayment obligation

if the indebtedness was funded with credit as opposed to hard currency."

*Brown v. Selene Fin. LP*, Case No. 22-CV-04690, 2023 U.S. Dist. LEXIS 63323,

at *4 (N.D. Ga. Apr. 10, 2023), report and recommendation adopted 2023 U.S.

Dist. LEXIS 136791 (N.D. Ga. June 1, 2023). "The essence of the 'vapor money'

theory is that promissory notes (and similar instruments) are the equivalent of

'money' that citizens literally 'create with their signatures." *McLaughlin v.*

*CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010). The vapor money theory cannot form the basis of a valid claim. *McLean v. Capital One Auto Fin.*, , No. A-21-CV-910-RP-ML, 2022 U.S. Dist. LEXIS 128238, at *5 (W.D. Tex. Mar. 25, 2022).

Nothing in Plaintiffs' Complaint states a legitimate, cognizable claim against Midland. The Complaint should therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Midland Credit Management prays that Plaintiffs' Complaint be dismissed with prejudice for failure to state a claim upon which relief can be requested. Defendant Midland Credit Management further prays for all such other and further relief, at law or in equity, as to which it may be justly entitled.

Respectfully submitted,

/s/ Manuel H. Newburger
Manuel H. Newburger (Atty-in-Charge)
State Bar No. 14946500
S.D. Tex. No. 23234
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253
mnewburger@bn-lawyers.com
ATTORNEYS FOR DEFENDANT MIDLAND
CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 8, 2025, the foregoing was served via the Court's electronic notification system and by email transmission to Plaintiff.

Ryneasha Reed
Johnathan Arthurton
3708 E 29th St #1020
Bryan, TX  77802-3901
Ryneasha Reed Plaintiff Pro Se
ryneash911@gmail.com


/s/ Manuel H. Newburger
Manuel H. Newburger